UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CANDACE LOW,

         Plaintiff,

    v.

BOARD OF TRUSTEES OF
CALIFORNIA STATE UNIVERSITY,

         Defendant.

Case No.  25-cv-05613-AMO

**ORDER DENYING LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Re: Dkt. No. 42

Before the Court is Plaintiff Candace Low's motion for leave to file a second amended complaint.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for July 16, 2026, is VACATED.  *See* Civil L.R. 7-6, Fed. R. Civ. P. 78(b).  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **DENIES** the motion for the following reasons.

Federal Rule of Civil Procedure 16(b)(4) requires "good cause" and "the judge's consent" to modify a scheduling order.  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609 (citation omitted).  If the moving party fails to show diligence, " 'the inquiry should end.' " *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (quoting *Mammoth Recreations*, 975 F.2d at 609).

Here, the Court set a case management schedule on November 5, 2026.  Dkt. No. 29.  The Court specified that, from that date, all motions to add parties or amend pleadings would be subjected to the strictures of Rule 16(b)(4).  *Id.*  Low seeks leave to file a second amended complaint in reliance upon the permissive standard of Rule 15, but she ignores the Rule 16 standard and ultimately fails to demonstrate good cause in support of amendment.  The motion fails on this defect alone.  *Mammoth Recreations*, 975 F.2d at 609.

Additionally, the substance of the proposed amendment does not support good cause in furtherance of amendment.  Low's proposed amendment – the addition of factual allegations presented for the first time in an administrative charge submitted after the initiation of this lawsuit – aims to head off Defendant's anticipated affirmative defense of failure to exhaust administrative remedies.  Low advances several arguments regarding the exhaustion provided by her earlier administrative complaints, the timeliness of the most recent administrative complaint, and a theory of continuing violations.  *See, e.g.*, Dkt. No. 46 at 3-7.  These legal arguments, however, do not provide good cause in support of granting leave to amend at this advanced stage of the case.  Instead, they are more properly resolved within the context of any dispositive motion briefing.  At bottom, Low fails to show the diligence necessary to support her proposed amendment.

For these reasons, especially the failure to demonstrate good cause to amend the case schedule to permit amendment, the Court **DENIES** Low's motion for leave to file a further amended complaint.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

2